IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUCKINGHAM MANUFACTURING CO., INC., <br><br> Plaintiff, <br><br> vs. <br><br> BASHLIN INDUSTRIES, INC., <br><br> Defendant. | Civil Action No._____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Buckingham Manufacturing Co., Inc. ("Buckingham" or "Plaintiff") for its complaint against Bashlin Industries, Inc. ("Bashlin" or "Defendant") alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281 and 283-285.

## THE PARTIES

2. Plaintiff Buckingham is a corporation organized and existing under the laws of New York with a principal place of business at 11 Travis Avenue, Binghamton, New York 13901.

3. On information and belief, Defendant Bashlin is a corporation organized and existing under the laws of Pennsylvania with its principal place of business at 119 W. Pine Street, Grove City, Pennsylvania 16127.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Defendant, upon information and belief, for at least the following reasons: Defendant is incorporated in the Commonwealth of Pennsylvania and has committed acts of infringement within the Commonwealth of Pennsylvania and this Judicial District in violation of 35 U.S.C. § 271; and Defendant transacts and solicits business within the Commonwealth of Pennsylvania and this Judicial District.  In short, upon information and belief, Defendant has purposefully availed itself of the privileges and benefits of the laws of the Commonwealth of Pennsylvania, and Defendant derives benefits from its presence in this Judicial District. Upon information and belief, Defendant also derives substantial revenue from infringing products offered for sale, sold and/or used within this Judicial District, and should reasonably expect its actions to have consequences within this Judicial District.

6. Venue properly lies in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PATENT-IN-SUIT

7. Plaintiff Buckingham is a national leader with recognized expertise in the design, development, manufacture, and application of climbing, work positioning and fall protection equipment, and accessories specifically designed for the electric, telecommunications, cable, and professional arborist markets.

8. To protect its intellectual property resulting from its significant investments, Plaintiff Buckingham applied for and obtained numerous patents directed to various wood pole

fall protection system inventions and technologies. For example, Buckingham's wood pole fall protection system-related patents include U.S. Patent No. 11,679,303.

9. U.S. Patent 11,679,303 ("the '303 Patent"), titled "Adjustable Body Belt Having D-Rings/Attachments," was duly and legally issued by the United States Patent and Trademark Office on June 20, 2023, and names James J. Rullo and Kevin W. Truesdell as the inventors. Plaintiff Buckingham is the assignee and owner of all right, title, and interest in and to the '303 Patent, a true and correct copy of which is attached hereto as **Exhibit 1**.

10. Plaintiff Buckingham has continuously marked its products that are covered by the '303 Patent.

## COUNT ONE

## INFRINGEMENT OF U.S. PATENT NO. 11,679,303

11. Plaintiff Buckingham incorporates by reference the allegations in paragraphs 1-10 as if fully set forth herein.

12. On information and belief, Defendant has infringed and is infringing claims of the '303 Patent, including at least claims 1, 2, 3, 4, 5, 6, and 9, in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing infringing products.

13. Claim 1 of the '303 Patent recites:

> A body belt assembly, comprising:
>
> a body portion comprising a surface;
>
> a belt strap connected to the surface of the body portion and extending between a first end terminating in a buckle and a second end;
>
> a D-piece connected to the surface of the body portion and extending between a first end and a second end;
>
> a first D-ring positioned at the first end of the D-piece and a second D-ring positioned at the second end of the D-piece, the D-piece further comprising

an adjustability section positioned between the first and second ends of the D-piece and configured to change an effective length of the D-piece to alter a distance between the first and second D-rings; and wherein the belt strap extends through the first and second primary D-rings.

14. On information and belief, Defendant has directly infringed and is directly infringing claim 1 of the '303 Patent by making, using, offering for sale, selling, and/or importing, at least the 88FFX4D Flex-Fit Climbing Belt product ("Accused Product") in this District and elsewhere in the United States.

15. A description and illustration of the Accused Product is provided in marketing material posted on Defendant Bashlin's website at https://www.bashlin.com/products/product/88ffx4d-flexfit-4d-series. The Accused Product is currently being offered for sale on this web page. See excerpt from the identified web page showing the ability to purchase the Accused Product therefrom, reproduced below.



16. Images and information obtained from the above identified marketing material are used herein and below to show that the elements of the asserted claims are met by the Accused Product. Upon information and belief, the Accused Product includes and meets each and every element of the asserted claims, either directly or under the doctrine of equivalents.

17. On information and belief, the Accused Product is a body belt assembly, and includes a body portion comprising a surface, as shown by the arrow below:



18. On information and belief, the Accused Product includes a belt strap connected to the surface of the body portion and extending between a first end terminating in a buckle and a second end, as shown below.



19. On information and belief, the Accused Product includes a D-piece connected to the surface of the body portion and extending between a first end and a second end.



20. On information and belief, the Accused Product includes a first D-ring positioned at the first end of the D-piece and a second D-ring positioned at the second end of the D-piece, the D-piece further comprising an adjustability section positioned between the first and second ends of the D-piece and configured to change an effective length of the D-piece to alter a distance

between the first and second D-rings. The belt strap extends through the first and second primary D-rings, as shown below.



21. Claim 2 of the '303 Patent recites:

> The body belt assembly of claim 1, wherein the belt strap is positioned in line with the D-piece.

22. On information and belief, Defendant has directly infringed and is directly infringing claim 2 of the '303 Patent by making, using, offering for sale, selling, and/or importing at least the Accused Product in this District and elsewhere in the United States.

23. In addition to the elements of claim 1 discussed above, on information and belief, the Accused Product includes the belt strap positioned in line with the D-piece, as shown below.



24. Claim 3 of the '303 Patent recites:

> The body belt assembly of claim 2, wherein the D-piece is positioned between the belt strap and the body portion.

25. On information and belief, Defendant has directly infringed and is directly infringing claim 3 of the '303 patent by making, using, offering for sale, selling, and/or importing, the Accused Product in this District and elsewhere in the United States.

26. In addition to the elements of claim 2 discussed above, on information and belief, the Accused Product includes the D-piece positioned between the belt strap and the body portion, as shown below.



27. Claim 4 of the '303 Patent recites:

> The body belt assembly of claim 3, further comprising an auxiliary D-piece connected to surface of the body portion and having a first end and a second end.

28. On information and belief, Defendant has directly infringed and is directly infringing claim 4 of the '303 Patent by making, using, offering for sale, selling, and/or importing the Accused Product in this District and elsewhere in the United States.

29. In addition to the elements of claim 3 discussed above, on information and belief, the Accused Product includes an auxiliary D-piece connected to the surface of the body portion and having a first end and a second end, as shown by the arrows below.



30. Claim 5 of the '303 Patent recites:

> The body belt assembly of claim 4, further comprising a first auxiliary D-ring connected to the first end of the auxiliary D-piece and a second auxiliary D-ring connected to the second end of the auxiliary D-piece.

31. On information and belief, Defendant has directly infringed and is directly infringing claim 5 of the '303 Patent by making, using, offering for sale, selling, and/or importing at least the Accused Product in this District and elsewhere in the United States.

32. In addition to the elements of claim 4 discussed above, on information and belief, the Accused Product includes a first auxiliary D-ring connected to the first end of the auxiliary D-piece and a second auxiliary D-ring connected to the second end of the auxiliary D-piece, as shown by the arrows below.



33. Claim 6 of the '303 Patent recites:

> The body belt assembly of claim 5, wherein the auxiliary D-piece is positioned on the surface of the body portion offset from the belt strap.

34. On information and belief, Defendant has directly infringed and is directly infringing claim 6 of the '303 Patent by making, using, offering for sale, selling, and/or importing at least the Accused Product in this District and elsewhere in the United States.

35. In addition to the elements of claim 5 discussed above, on information and belief, the Accused Product includes the auxiliary D-piece positioned on the surface of the body portion offset from the belt strap.



36. Claim 9 of the '303 Patent recites:

> The body belt assembly of claim 5, wherein the auxiliary D-piece further comprises a second adjustability section positioned between the first and second ends of the auxiliary D-piece and configured to change an effective length of the auxiliary D-piece to alter a distance between the first and second auxiliary D-rings.

37. On information and belief, Defendant has directly infringed and is directly infringing claim 9 of the '303 Patent by making, using, offering for sale, selling, and/or importing at least the Accused Product in this District and elsewhere in the United States.

38. In addition to the elements of claim 5 discussed above, on information and belief, the Accused Product includes the auxiliary D-piece having a second adjustability section positioned between the first and second ends of the auxiliary D-piece and configured to change an effective length of the auxiliary D-piece to alter a distance between the first and second auxiliary D-rings, as shown below.



- 12 -

39. The full extent of Defendant's infringement is not presently known to Plaintiff Buckingham. On information and belief, Defendant has made, offered for sale, and sold, or will sell, products that infringe the '303 Patent. Plaintiff Buckingham makes this preliminary identification of an infringing product and infringed claims in Count One without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.

40. Plaintiff Buckingham has suffered and continues to suffer damages as a result of Defendant's infringement of the '303 Patent in an amount to be determined at trial for which Plaintiff Buckingham is entitled to compensation pursuant to 35 U.S.C. § 284.

41. Defendant's infringement of the '303 Patent is causing irreparable harm for which Plaintiff Buckingham has no adequate remedy at law unless Defendant is enjoined by this Court. Under 35 U.S.C. § 283, Plaintiff Buckingham is entitled to a permanent injunction against further infringement of the '303 Patent.

42. On information and belief, Defendant has been aware of and has had notice and actual knowledge of the '303 Patent and its infringement thereof at least as early as August 4, 2023, via a cease-and-desist letter from Plaintiff Buckingham. As of the filing date of this Complaint, other than providing misplaced and irrelevant prior art references, alongside meritless validity challenges to the '303 patent, Defendant has failed to provide a substantive response to Plaintiff Buckingham's cease and desist demand, and continues to make, offer for sale, and/or sell infringing products (as described above). Defendant's acts of infringement have been willful and are in disregard of the '303 Patent, without any reasonable basis for believing that it had a right to

engage in the infringing conduct. Defendant's infringement has been, and continues to be knowing, intentional, and willful.

43. This case is exceptional, and Bashlin's history of blatant copying of Buckingham's technology is egregious. Therefore, Plaintiff Buckingham is entitled to an award of attorney's fees pursuant to 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Buckingham prays for the following judgments and relief:

(a) A judgment that Defendant has infringed and is infringing the '303 Patent in violation of 35 U.S.C. § 271(a);

(b) A permanent injunction against Defendant and its affiliates, subsidiaries, assigns, employees, officers, directors, attorneys, agents, and all those acting in privity or concert with any of the foregoing persons or entities from infringing the '303 Patent, including enjoining the making, offering for sale, selling, using, or importing into the United States products claimed in any of the claims of the '303 Patent; inducing others to use and perform methods that infringe any claim of the '303 Patent; or contributing to others using and performing methods that infringe any claim of the '303 Patent, until the expiration or abandonment of the '303 Patent;

(c) An award of damages adequate to compensate Plaintiff Buckingham for Defendant's patent infringement, and an accounting to adequately compensate Plaintiff Buckingham for the infringement, including, but not limited to, lost profits and/or a reasonable royalty, pursuant to 35 U.S.C. § 284;

(d) Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C § 284;

(e)    An award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

(f)    An order finding that this is an exceptional case and awarding Plaintiff Buckingham its costs, expenses, disbursements, and reasonable attorneys' fees related to Defendant's patent infringement under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

(g)    Such other further relief, in law or equity, as this Court deems just and proper.

## JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Buckingham hereby demands a jury trial on all issues triable before a jury.

Dated: May 8, 2024

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

/s/ Jessica L. Copeland
Jessica L. Copeland, Esq.
Bradley A. Hoppe, Esq.
Avant Building – Suite 900
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 416-7000
jcopeland@bsk.com
bhoppe@bsk.com

**COUNSEL FOR PLAINTIFF**
*Buckingham Manufacturing Co., Inc*.